## JOHN WRIGHT, p. b. *vs.* JOHN HAYES, d. b.

The defendant claimed a trial by referees, and on a new trial granted at his request, the second trial was had by referees without any other request by either party. Held good.

Referees report "that there is no cause of action," and the justice enters judgment of nonsuit against the plaintiff for costs." Held good.

CERTIORARI to Justice Weldon.

Record.—*Wright vs.* Hays. Action on assumption for another's tax. Demand $10 14. Summons issued September 16th 1837, returnable 23d inst., served; appearance; defendant asks postponement, and cause adjourned to the 7th October, when the parties appeared,

the defendant claimed a trial by referees, which was had in due form, report and judgment against the defendant for $10 14.

Defendant claimed a new trial, which was granted October 18th; plaintiff notified and rule trial 28th October, when the parties not appearing, cause continued to 4th November, when the parties appear and defendant pleads not ready for trial; claims three witnesses summoned; cause adjourned to the 11th November, when the parties appear, " referees summoned and appear and are qualified; and, on trial, judgment by report of referees November 11th, 1837, of nonsuit against the plaintiff for cost." The report was " that there is no cause of action."

The exceptions were, 1st, That the justice, on the new trial, adjourned the cause from 28th October to 4th November, without the same being applied for by either party. 2d, That he adjourned the cause from the 4th to the 11th of November, on the defendant's application, without proof by his oath or affimation, or otherwise, that his want of preparation was not owing to design, or to his not using due diligence. 3d, Because the new trial was had by referees without the same being claimed by either party. 4th, The justice certified that he rendered a judgment of *nonsuit against the plaintiff for cost*, on the report of referees; when the award returned shows that it was for *no cause of action*.

*Per Curiam:*

HARRINGTON, *Justice.*—The justice could not do otherwise than make the first adjournment as neither of the parties was present; and it appears from the record that the second adjournment was granted to give an opportunity for summoning witnesses. It was not an arbitrary postponement, but one which the justice must have considered necessary to the proper trial of the cause. In addition to this, both parties appeared on the day to which the cause stood adjourned, and the plaintiff did not then object to the delay, but went into a trial. We regard this as a waiver of his objection to the previous postponement, if that were irregular.

But it is also excepted that the new trial was had by referees without a claim by either of the parties. If by this exception it is meant that such trial was had without any *renewed* claim for referees, the exception is sustained by the record. The case stands thus: the defendant claimed a trial by freeholders; it was granted and had; and, after their report, he claimed a new trial, which was granted. How was this new trial to be had; by the justice or by freeholders? The defendant had made his election as to the mode of trial; he had refused to submit the cause to the decision of the

justice. Either party had the right so to take the trial from the justice, and after a party had made his election as to the mode of trial, any subsequent trial had on his application should be had in that mode, unless he waived his preference for that mode.

The act of assembly says, that on all new trials the proceedings shall be the same as upon the original trial. We do not say that this extends to the mode of trial, or deprives a party of an election as to the mode of the second trial. If the first trial were by the justice, we do not know but that either party might on the second trial claim that it should be had by freeholders; or if the first were by freeholders, it may be that the party on whose application that mode was resorted to, might on the new trial expressly waive his claim for a trial by freeholders, and require that it should be had by the justice. All we say in this case is, that after a party has claimed and had a trial by freeholders, a subsequent trial *may* be had by the same mode without a renewed application for freeholders. The election of the party controls the mode of trial, and, once made, it continues as to all subsequent trials, unless it be waived. We do not, therefore, sustain this exception.

Neither do we think the last one sufficient to set aside this judgment. The judgment is in effect the same with the award. The referees reported that the plaintiff had no cause of action. He was, therefore, nonsuited; and upon a nonsuit, the judgment against him for costs legally followed.

Judgment affirmed.

*Rodney.* for plaintiff in error.
*W. H. Rogers,* for defendant.